The opinion of the Court was delivered by
Evans, J.
There is no doubt that one, proving the actual possession of land, to which an easement is attached, may have an action for disturbing him in the enjoyment of it. And it is not denied that this plaintiff was under no obligation to set out the quantum of interest which he had in the land. Possession was all that was necessary to be alleged or proved. It has been argued that seisin means the same as possession, but I do not find this to be so. It does mean possession, but it is a possession of a freehold estate, such as by the common law is created by livery of seisin. The facts stated in the declaration must be such as to give the plaintiff a cause for action, but it is not contended if he sets out more than this, he is bound to prove it, and if he does not, there is a variance between the allegation and the proof. The rule from some of the cases would seem to be this, that if two facts are stated and one of them is sufficient, it is not imperative on the plaintiff to prove both. Bromfield vs. Jones, 4 B. & C. 380, (10 Eng. C. L. R. 362), was an action for the escape of one committed on execution. The declaration set out that the plaintiff at E. T. 5 Geo. 4th in K. B. recovered against one H. W. seventy-nine pounds, as appeared by the record, and that at Trinity term of the same year, such proceedings were had as that the plaintiff was entitled to his execution for his damages, &c; whereupon the said H. W. was committed to the custody of the defendant, who suffered him to escape. On the trial, the plaintiff gave in evidence his original judgment, but gave no evidence of the scire facias, and his proof was held to be sufficient. He had proved enough to maintain his action, and was not bound to prove the proceedings or the scire facias, although he had set them out in his declaration. But there is a confusion in the cases on this subject, and I am unable to lay *285 down any clear and intelligible rule whereby to determine when a plaintiff is bound to prove an unnecessary averment. It is certain that some immaterial averments may be struck out as surplusage, and it is equally true that if there be a traverse of an .immaterial averment and issue be taken on it, it must be proved. But whether the general traverse of the plea of not guilty imposes the proof on the party making the averment, is not so very certain. 1 would rather infer from what is said in 1 Chit. PI. 229, and 2 Saund. B,. 206, that the issue shall be made by a special traverse. But we meet this case on a different ground. Possession is presumptive evidence of title, not of any particular title, but of such as is necessary to maintain the action. When, therefore, it was proved that the plaintiff. Ferguson, was in possession, the law from this, presumes he was the owner of the land, unless the contrary be proved. I think, therefore, the defendant can take nothing by his motion for a nonsuit.
It is not denied that Gibbes had a prescriptive right of drainage through the canal which the defendant has obstructed, but it is contended that because the title to both estates was united in S. W. Leith, this operated as an extinguishment of the easement. It is true that unity of title will in general have that effect. But where the easemeht is essential to the enjoyment of the land, and the estate cannot be enjoyed without, it, the easement of necessity is appurtenant to the estate, and will pass with it to the purchaser. (Nicholas vs. Chamberlain, Cro. Jac. 121.) A man erected a house on a part of his land, and built a conduit on another part, and laid pipes to conduct the water to the house. He afterwards sold the house, and it was held that the use of the conduit was appurtenant to the house and passed by the sale to the purchaser. According to this case, if Leith, whilst he was the owner of both tenements, had dug the canal for the purpose of draining the plaintiff’s land, and had after-wards sold the land, the right to use the canal would go with the land.
It can make no difference that the canal was there before Leith purchased, or that the Commissioner in Equity and not *286 Leith sold the land. When he became the owner of both tenements, it was competent for him to have severed the easement from the tenement, and if he had done so, I suppose the doctrine would apply, that an easement once severed was extinguished forever. But he used the canal for the purposes to which it had been originally devoted, and in that condition it was sold as a part of his estate. We are of opinion, therefore, that the plaintiff, who is presumptively the legal owner of the estate, is entitled to the use of the canal; and to retain his verdict against the defendant for obstructing it.
The motion is dismissed.
Q’Neall, Wardlaw, Frost, Withers and Whitner, JJ. concurred.

Motions dismissed.